NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 02-195 (ES) |
| RONDELL WARNER, | : MEMORANDUM OPINION |
| Defendant. | : |

Before the Court is *pro se* Rondell Warner's motion seeking to reduce his imprisonment term under 18 U.S.C. § 3582(c) in view of an amendment to the United States Sentencing Guidelines. (*See* D.E. No. 369).[1] The Court must DENY this motion for the reasons below.

In 2014, the U.S. Sentencing Commission voted such that lower drug sentences would be imposed after November 2014. This is known as Amendment 782—and, notably, is subject to retroactive application. *United States v. Mordukhaev*, No. 13-549, 2015 WL 4603669, at *1 (D.N.J. July 30, 2015) ("Amendment 782 to the Sentencing Guidelines has retroactively lowered the penalties for most drug offenses by reducing most offense levels on the Drug Quantity Table, U.S.S.G. § 2D1.1(c), by two levels."). To be sure, however, Amendment 782 applies only to those sentences calculated using § 2D1.1. *See United States v. Tolendano*, No. 15-2428, 2016 WL 805910, at *1 n.4 (3d Cir. Mar. 2, 2016) ("Amendment 782 reduced the offense levels by

---

[1] Warner also seems to inquire about incorporating certain time served, claiming that he "didn't receive [his] time" and "asking" the Court to "take a look through it and correct it." (D.E. No. 369). The Court, however, does not have jurisdiction to entertain this request. *See, e.g.*, *United States v. Pearson*, No. 08-0318, 2014 WL 4101208, at *1 (W.D. Pa. Aug. 18, 2014) ("[C]alculations of time served are within the jurisdiction of the Federal Bureau of Prisons.").

- 1 -

two levels for most drug quantities under U.S.S.G. § 2D1.1.") (citing U.S.S.G. App. C., Amendment 782).

Under 18 U.S.C. § 3582(c)(2), a sentencing court can reduce an imprisonment term pursuant to a defendant's motion if (1) the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." "A reduction in sentence is not consistent with the relevant policy statement unless the amendment has 'the effect of lowering the defendant's applicable guideline range.'" *United States v. Rengifo*, No. 15-3074, 2016 WL 703842, at *1 (3d Cir. Feb. 23, 2016) (per curiam) (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

On October 18, 2005, Warner pleaded guilty to one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d). On April 3, 2006, the Honorable Dennis M. Cavanaugh, former United States District Judge for the District of New Jersey, imposed a sentence of 240 months.[2]

Importantly, Warner's sentencing range was *not* determined under Sentencing Guidelines § 2D1.1 and, therefore, Warner was not sentenced under a guideline range that was lowered by Amendment 782. Rather, he was sentenced under guidelines concerning assault, murder, and racketeering; nothing in the record indicates that Warner was sentenced based on § 2D1.1. Accordingly, Warner is ineligible for an Amendment 782 reduction.

An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] This action was reassigned to the Undersigned on June 16, 2014.